CITY OF CLEVELAND HEIGHTS, APPELLANT, *v.* RICHARDSON, APPELLEE.

(No. 45361—Decided April 18, 1983.)

Mr. *Warren R. Perl,* for appellant.
Mr. *Maurice Schoby,* for appellee.

CORRIGAN, J. Defendant-appellee, James P. Richardson, was arrested on July 9, 1980, and charged with driving

while under the influence in violation of Section 333.01(a) of the Codified Ordinances of the city of Cleveland Heights. Appellee filed a motion to suppress which was granted on August 21, 1980. Appellant-city appealed the trial court's decision to this court. We reversed the decision of the trial court on May 7, 1981, and appellee then appealed to the Ohio Supreme Court. On September 16, 1981, the Supreme Court announced its decision to overrule appellee's motion to certify the record. This announcement was journalized by the Clerk of the Supreme Court on September 29, 1981, and filed with this court on October 2, 1981.

Upon remand the case was set for trial on October 22, 1981, and subsequently continued *sua sponte* until November 5, 1981. On November 5, 1981, appellee moved to dismiss for lack of a speedy trial. The trial court overruled appellee's motion, ruling that speedy trial time recommenced upon the filing of the Supreme Court's decision in this court on October 2, 1981. On November 17, 1981, appellee entered a plea of no contest and the trial court sentenced him on January 12, 1982.

On March 17, 1982, appellee filed a motion for reconsideration with the trial court, again alleging failure to provide a speedy trial. The court granted appellee's motion to dismiss, finding that speedy trial time recommenced on September 16, 1981, when the Supreme Court announced its decision to overrule appellee's motion to certify, thus bringing the total number of days awaiting trial to ninety-three.

The city of Cleveland Heights brought this timely appeal, raising two assignments of error:

"I. The trial court erred in granting defendant-appellee's motion for reconsideration which was filed more than two months after final sentence was imposed.

"II. The trial court erred in granting, upon reconsideration, defendant-appellee's motion to dismiss for failure to provide a speedy trial."

## I

Appellant's first assignment of error basically charges that there is no "authority" for the filing of a motion for reconsideration at the trial court level. We agree.

The Ohio Supreme Court recently decided this issue within the context of the Ohio Rules of Civil Procedure in *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378 [21 O.O.3d 238], by holding that:

"1. The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."

The court further expounded upon the issue as follows:

"Succinctly stated, the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules. Rather the Civil Rules do allow for relief from final judgments by means of Civ. R. 50(B) (motion notwithstanding the verdict), Civ. R. 59 (motion for a new trial), and Civ. R. 60(B) (motion for relief from judgment).

"Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity. * * *" *Id.* at 380.

Likewise, the Rules of Criminal Procedure specifically limit relief from judgments to motions expressly provided for within the same rules. A motion for reconsideration is conspicuously absent within the Criminal Rules. Rather, relief from final judgments is allowed only through Crim. R. 29(C) (motion for acquittal after verdict or discharge of the jury), Crim. R. 33 (motion for a new trial), Crim. R. 34 (motion in arrest of judgment), and Crim. R. 36 (motion to correct clerical mistakes).

Without a specific prescription in the Criminal Rules, the court shall look to the Civil Rules. Crim. R. 57(B). Since neither the Criminal nor Civil Rules prescribe motions for reconsideration at the trial court level, we hold that the motion for reconsideration of the trial court's January 12 final judgment against appellee will not lie and the court's order granting said motion is a nullity. Hence, we find merit in the first assignment of error.

## II

Assuming *arguendo* that the trial court had the authority to consider a motion for reconsideration and to disturb judgment, appellant argues in the second assignment of error that the trial court erred in granting appellee's motion to dismiss for failure to provide a speedy trial.

The trial court's findings of fact and conclusions of law indicate that the court recommenced counting appellee's speedy trial days upon the Supreme Court's announcement of its decision to overrule appellee's motion to certify the record.[1] This initial notice, dated September 16, 1981, was clearly stamped "FOR YOUR INFORMATION ONLY [,] NOT FOR FILING," and quite noticeably lacked any indication of its journalization or certification by the Clerk of the Supreme Court despite the blank spaces provided at the bottom of the announcement for such vital information. The "final" announcement of the Supreme Court's decision, filed in this court on October 2, 1981, clearly indicates journalization and certification by the Supreme Court Clerk on September 29, 1981. Since the court speaks through its journal, we hold that running of the speedy trial time recommenced on the date of journalization, September 29, and not upon the mere announcement of the proposed action by the court on September 16.

Further support for our holding is contained within Section 1, Rule IX of the Supreme Court Rules of Practice, dealing with motions for rehearing. Said rule provides:

"A motion for rehearing shall be filed within ten days after the announcement of the decision. Such motion must be confined strictly to the grounds urged for rehearing and must not constitute a reargument of the case. Notice of such motion shall be served on opposing counsel who shall have five days to file his memorandum contra."

Thus, the September 16 notice was a mere announcement of the court's decision, for which a period of ten days was allowed to file a motion for rehearing. On September 29, after no motion for rehearing was filed by appellee, the Clerk of the Supreme Court journalized the court's entry and hence made it final, restoring the trial court's jurisdiction.

Computing speedy trial time from September 29 until trial commenced on November 5, plus the prior forty-three days from arrest until the granting of the motion to suppress, reveals a period of thirty-seven days plus the prior forty-three days, thus totalling only eighty days, a period well within the ninety days allowable.[2]

In conclusion, we hold that the trial court had no authority to entertain a motion for reconsideration and to disturb its final judgment sentencing appellee. Even if such a motion were to be allowed within the Civil or Criminal Rules, the court erred in its computation of speedy trial

---

[1] The first part of appellee's speedy trial time from arrest on July 9, 1980, until the grant of appellee's motion to suppress on August 21, 1980 — forty-three days — is not in contention.

[2] We need not consider the effect of the trial court's *nunc pro tunc* entry explaining the court's *sua sponte* continuance from October 22 until November 5 since even "counting" this period brings the total number of days within the allowable limit.

time and dismissal. Since the court had no authority to disturb its January 12 judgment through a motion for reconsideration, the original judgment remains in full force and effect.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

PATTON, C.J., and PARRINO, J., concur.