OPINION
{¶ 1} Defendant-appellant Steven Stranan appeals from the May 7, 2004, Judgment Entry of the Stark County Court of Common Pleas denying his Motion of Reconsideration to Vacate Court Costs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 23, 2002, the Stark County Grand Jury indicted appellant on five counts of robbery in violation of R.C. 2911.02(A)(1) and/or (A)(2), felonies of the second degree, one count of theft in violation of R.C. 2913.02(A)(1) and/or (A)(3), a felony of the fifth degree, and one count of taking the identity of another in violation of R.C. 2913.49(B)(1)(2), a misdemeanor of the first degree. At his arraignment on December 27, 2002, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on January 10, 2003, appellant entered a plea of guilty to all of the charges. As memorialized in a Judgment Entry filed on January 16, 2003, appellant was sentenced to aggregate prison sentences of seven years and was ordered to pay court costs.
 {¶ 4} Appellant did not file a direct appeal from his conviction or sentence. The docket indicates that a statement was sent by the Stark County Clerk of Courts to Belmont Correctional Institution to collect court costs on May 1, 2003.
 {¶ 5} On March 29, 2004, appellant filed a Motion to Waive Mandatory Fine, Court Costs and/or Restitution[1] asking that his court costs be waived "since he is currently incarcerated and is without income or financial resources." On the same date, appellant filed an affidavit of indigency. Pursuant to a Judgment Entry filed on March 30, 2004, the trial court denied appellant's motion.
 {¶ 6} Thereafter, appellant, on May 6, 2004, filed a Motion for Reconsideration to Vacate Court Cost, citing 2000, 2001 and 2002 unreported appellate cases for the proposition that the Legislature intended to relieve indigent felony defendants from paying court costs. The trial court denied such motion as memorialized in a Judgment Entry filed on May 7, 2004.
 {¶ 7} It is from the trial court's May 7, 2004, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 8} "The Court of Common Pleas erred to the prejudice of Defendant when the court denied defendants [sic] motion to vacate court costs in Case No. 2002CR1539."
 I {¶ 9} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Waive Court Costs.
 {¶ 10} As is stated above, appellant, on March 29, 2004, filed a motion seeking waiver of court costs. After the trial court denied such motion on March 30, 2004, appellant did not file a Notice of Appeal. Rather, on May 6, 2004, appellant filed a Motion for Reconsideration. Appellant then filed a Notice of Appeal on May 27, 2004, from the trial court's May 7, 2004, denial of his Motion for Reconsideration.
 {¶ 11} Pursuant to App.R. 4(A), a notice of an appeal as of right must be filed with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. This time limit is jurisdictional in nature and may not be enlarged by an appellate court.State ex re. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60, 531 N.E.2d 713. Where a notice of appeal is not timely filed, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. Id.
 {¶ 12} The Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. Id. at 60, citing Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 381,423 N.E.2d 1105. Such a motion cannot be used to extend the time for filing a notice of appeal. See Kauder v. Kauder (1974), 38 Ohio St.2d 265,313 N.E.2d 797. These same principles have been extended to criminal cases. See Cleveland Heights v. Richardson (1983), 9 Ohio App.3d 152,458 N.E.2d 901.
 {¶ 13} In the case sub judice, appellant did not appeal the trial court's March 30, 2004, Judgment denying his Motion to Waive Mandatory Fine, Court Cost and/or Restitution within 30 days as mandated by App.R. 4(A). Rather, appellant filed a Motion for Reconsideration and then appealed from the trial court's denial of the same. However, as is stated above, the filing of a Motion for Reconsideration does not extend the time for filing a notice of Appeal. Appellant's appeal is, therefore, untimely and this Court lacks jurisdiction to consider the matter.
 {¶ 14} Accordingly, the case sub judice is dismissed.
By: Edwards, J. Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellant.
[1] Appellant was never fined or ordered to pay restitution.