CITY OF CLEVELAND, Appellee,

v.

LENEGHAN, Appellant.

[Cite as *Cleveland v. Leneghan,* 181 Ohio App.3d 378, 2009-Ohio-1086.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91390.

Decided March 12, 2009.

Robert J. Triozzi, Cleveland Law Director, and Karyn J. Lynn, Assistant Law Director, for appellee.

Leneghan & Leneghan and Patrick P. Leneghan, for appellant.

MARY J. BOYLE, Judge.

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} This case involves a defendant's failure to pay a fine ordered by the municipal housing court in connection with the defendant's no-contest plea on a series of building and housing code violations. Defendant-appellant, Thomas Leneghan, appeals the trial court's judgment entry ordering him to report to jail for failure to pay the underlying fine in his criminal housing court case. Although we find that the trial court has jurisdiction to enforce its sentence, we find some merit to the appeal and remand for further proceedings because the trial court failed to hold a hearing prior to ordering Leneghan incarcerated.

## Procedural Facts and History

{¶ 3} Appellee, the city of Cleveland, filed a criminal complaint against Leneghan for numerous violations of Cleveland's housing and building codes, including Cleveland Codified Ordinance ("C.C.O.") 3103.09, for failing to comply with the order of the director of building and housing to make repairs on his property located at 1855 Cliffview. On March 24, 1998, Leneghan pleaded no contest to the charges. The trial court found him guilty, ordered him to pay a $10,000 fine, plus court costs, and set the matter for a pretrial.

{¶ 4} On July 9, 1998, the court accepted partial payment of $100 and continued the matter. Leneghan requested numerous continuances and ultimately failed to appear for an April 1999 pretrial. After being brought in on a capias and after additional requests for continuances, the trial court ultimately issued an order on October 20, 1999, requiring Leneghan to enter into a payment plan but granting him time to pay until April 1, 2008. Leneghan signed a "time to pay card," acknowledging that his failure to comply with the terms of the payment agreement would result in "contempt of court and/or civil proceedings."

{¶ 5} Leneghan subsequently made two payments, but then failed to make any further payments, resulting in a balance of $9,400 (plus court costs). In July 2001, the court notified Leneghan that it had erroneously granted him too much time to pay and set the matter for a hearing on August 6, 2001. It is unclear from the record whether a hearing was held. On August 21, Leneghan moved to mitigate the fine, which the trial court denied, and, on December 6, 2001, the court ordered Leneghan to continue on the payment plan. No further payments appear on the record between December 6, 2001, and January 30, 2008.

{¶ 6} In February 2008, the trial court ordered Leneghan to appear before the court to be taken to the Warrensville House of Corrections ("jail") until he paid his outstanding criminal fine. On March 13, 2008, Leneghan moved to vacate the

court's order, which the court denied. From that decision, Leneghan appeals, raising the following assignments of error:

{¶ 7} "[I.] The trial court erred in denying defendant's motion to vacate filed on March 13, 2008 from the judgment entry issued on February 26, 2008 and any judgment entry of similar order.

{¶ 8} "[II.] The trial court erred in issuing an order jailing the defendant when it no longer has authority to do so."

{¶ 9} We will address these assignments of error together because they both attack the trial court's underlying judgment entry ordering Leneghan to jail until he pays his outstanding criminal fine.

### Jurisdiction to Enforce Sentence

{¶ 10} Relying on the Ohio Supreme Court's decision in *State v. Zucal* (1998), 82 Ohio St.3d 215, 694 N.E.2d 1341, Leneghan argues that the trial court lacked authority to order him to jail because the underlying sentence imposing a fine was no longer enforceable. He further argues that the trial court's failure to hold a hearing under R.C. 2947.14 regarding his ability to pay the fine imposed at the initial sentencing precludes the court from later incarcerating him for nonpayment of the fine. Leneghan argues that these deficiencies require the trial court to discharge the fine and vacate its order requiring him to report to jail. We find these arguments unpersuasive.

{¶ 11} First, we find that *Zucal* does not govern this case because the facts are clearly distinguishable. In *Zucal,* the defendant, through no fault of her own, did not complete her mandatory jail sentence because each time she reported to the jail, over a period of six years, she was turned away due to jail overcrowding. *Zucal* involves a trial court's delay in executing a sentence. Reversing the lower court's refusal to vacate the defendant's sentence after more than five years had passed from the date of sentencing,[1] the Ohio Supreme Court held that "[i]n convictions involving misdemeanor offenses, a delay in execution of sentence resulting from jail overcrowding that exceeds five years from the date that sentence is imposed is unlawful." Id. at paragraph one of the syllabus. The court further recognized that "[n]o modification of sentence may occur after five years from the date of sentencing." Id. at paragraph four of the syllabus.

{¶ 12} Conversely, this case does not involve a trial court's failure to execute a sentence within five years. Here, the trial court executed on the fine imposed on October 20, 1999. There is no evidence in the record that the court or clerk's office refused payments attempted by Leneghan after this period. Instead, the

---

1. Borrowing from the probationary period statute, R.C. 2951.07, the Ohio Supreme Court found five years to be the appropriate time period to apply. Id. at 219–220, 694 N.E.2d 1341.

record reflects that Leneghan made no attempt to satisfy the fine and simply ignored the trial court's sentencing order. *Zucal* does not stand for the proposition that a defendant may thwart his sentence by avoiding it for five years. Indeed, the defendant in *Zucal* did not fail to appear at the jail; rather, she was repeatedly turned away due to jail overcrowding.

{¶ 13} Further, in regard to fines imposed for criminal offenses under former R.C. 2929.51(F)(2),[2] the trial court does not lose jurisdiction to collect the fine due to the passage of time. See *State v. Burke* (1993), 91 Ohio App.3d 514, 518, 632 N.E.2d 1324; *State v. Whitt* (Dec. 5, 1996), 3d Dist. Nos. 14–96–29, 14–96–30, and 14–96–31, 1996 WL 697947 (recognizing that the statute does not limit the time that a court may collect on a fine imposed). We thus find no merit to Leneghan's claim that the trial court lost jurisdiction by failing to collect the fine earlier.

{¶ 14} Likewise, although former R.C. 2929.51(F)(2) limited the amount of time that a trial court may allow a defendant to pay a fine, namely, two years, we do not find that the trial court's erroneous grant of more than two years for Leneghan to pay the fine rendered the judgment "void." See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27 ("[a] void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. * * * Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously"). Here, the trial court clearly had jurisdiction and the authority to impose a fine as part of Leneghan's sentence. The court's erroneous grant of extra time to pay the fine rendered the judgment "voidable," which Leneghan never appealed or challenged.

{¶ 15} Finally, we find no merit to Leneghan's claim that the trial court lacks authority to impose a jail sentence for his nonpayment because the trial court failed to initially hold a hearing under R.C. 2947.14(A) regarding his ability and willingness to pay at the time of initial sentencing. This court in *State v. Johnson* (1995), 107 Ohio App.3d 723, 669 N.E.2d 483, expressly recognized that the trial court is not required to hold a hearing under R.C. 2947.14 at the time of sentencing. Indeed, as stated by the Second Appellate District:

{¶ 16} "Although the statute states that the hearing must be held 'at the time of sentencing,' Ohio's courts have read R.C. 2947.14 in its entirety and concluded that the hearing requirement 'does not arise until the trial court decides to incarcerate the offender for failure to pay.'" *State v. Perkins*, 154 Ohio App.3d 631, 2003-Ohio-5092, 798 N.E.2d 646, ¶ 26, quoting *State v. Meyer* (1997), 124 Ohio App.3d 373, 375, 706 N.E.2d 378; *State v. Cochran* (June 5, 1998), 2d Dist. No.

---

2. R.C. 2929.51 was repealed in 2004. The statute, however, was in effect at the time that Leneghan was sentenced.

97–CA–50, 1998 WL 288942; *Huber Hts. v. Weaver* (Jan. 12, 1987), 2d Dist. No. CA 9465, 1987 WL 5534.

{¶ 17} But we do recognize, as the city concedes, that the trial court cannot order incarceration for nonpayment of a fine without first holding a hearing and determining a defendant's ability to pay, consistent with the parameters outlined in R.C. 2947.14. The statute provides:

{¶ 18} "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to the offender's ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts, as presented by the offender, and the offender's ability to pay.

{¶ 19} "(C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects the offender's ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender."

{¶ 20} In this case, the trial court's orders demonstrate that the trial court placed the burden on Leneghan to establish that he wanted a hearing pursuant to R.C. 2947.14. The statute is clear, however, that the trial court must conduct a hearing prior to ordering a defendant to the jail or workhouse regardless of whether a defendant requests such a hearing. See R.C. 2947.14(A); see also *State v. Chen* (Apr. 11, 1996), 8th Dist. No. 69334, 1996 WL 170109; and *Johnson*, 107 Ohio App.3d 723, 669 N.E.2d 483.

{¶ 21} Accordingly, we find that the trial court has jurisdiction to enforce the underlying fine and order Leneghan to the jail or workhouse if it determines that he has the ability to pay such a fine. The court, however, must first conduct a hearing pursuant to R.C. 2947.14. We therefore find some merit to Leneghan's two assignments of error and remand the case for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SWEENEY, J., concurs.

DYKE, P.J., concurs in judgment only.