[Cite as *State v. Norris*, 2011-Ohio-1795.]

[Please see original opinion at 2011-Ohio-1251.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95485**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TOYA NORRIS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED; REMANDED
### FOR CORRECTION OF ENTRY

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-497708

**BEFORE:**   Keough, J., Cooney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   April 14, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

ON RECONSIDERATION[1]

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Toya Norris, appeals from the judgment of the common pleas court, entered pursuant to remand from this court, finding her guilty of two counts of felonious assault with one- and three-year firearm specifications, and sentencing her to five years incarceration and five years

---

[1]The original announcement of decision dated March 17, 2011, *State v. Norris*, 8th Dist. No. 95485, 2011-Ohio-1251,is hereby vacated.

mandatory postrelease control. For the reasons that follow, we remand with instructions to the trial court to correct its entry dated July 2, 2010 to reflect that Norris is subject to three years mandatory postrelease control.

## I. Facts and Procedural History

{¶ 2} Norris was indicted in June 2007, on two counts of felonious assault, both with one- and three-year firearm specifications. Count 1 charged her with knowingly causing serious physical harm to the victim in violation of R.C. 2903.11(A)(1). Count 2 charged her with knowingly causing or attempting to cause physical harm to the victim by means of a deadly weapon or dangerous ordnance, in violation of R.C. 2903.11(A)(2). Norris waived a jury trial and the matter proceeded to a bench trial.

{¶ 3} The court found Norris guilty of all charges and subsequently sentenced her to three years incarceration on the firearm specifications, to be served consecutive to two years on each of the felonious assault charges, which were ordered to be served concurrently, for a total of five years incarceration.

{¶ 4} In January 2009, this court affirmed Norris's convictions on appeal but found that the felonious assault convictions were allied offenses that should have merged for sentencing. *State v. Norris*, 8th Dist. No. 91000, 2009-Ohio-34. This court remanded the matter for the State to elect which of Norris's two felonious assault charges would merge into the other for

purposes of her conviction and sentence, and for the trial court to correct the conviction entry accordingly.

**{¶ 5}** On March 9, 2009, after remand, Norris filed a motion for leave to file a motion for a new trial based on newly discovered evidence. The trial court summarily denied Norris's motion on March 18, 2009.

**{¶ 6}** The State appealed this court's judgment regarding the allied offenses to the Ohio Supreme Court, which affirmed the judgment in October 2009. *State v. Norris*, 123 Ohio St.3d 163, 2009-Ohio-4904, 914 N.E.2d 1052. On December 4, 2009, the trial court ordered the original sentence into execution. Subsequently, on June 7, 2010, Norris filed a motion to vacate the December 4, 2009 entry, arguing that it was in violation of this court's mandate that her felonious assault convictions should merge for purposes of sentencing.

**{¶ 7}** On June 18, 2010, Norris filed another motion to vacate; this time she asked the court to vacate its entry dated March 18, 2009 denying her motion for leave to file a motion for a new trial.

**{¶ 8}** On June 28, 2010, the State filed a notice of election of offenses and request for resentencing in which it indicated that, in accord with this court's mandate, it was electing to proceed to sentencing on count 1, felonious assault in violation of R.C. 2903.11(A)(1).

**{¶ 9}** The trial court resentenced Norris on July 1, 2010. The court again sentenced her to a total of five years incarceration: three years on the firearm specifications (which merged) to run prior to and consecutive to two years on the felonious assault conviction. The trial judge did not ask Norris, who appeared at the hearing by video conference from prison, if she had anything to say. Nor did the judge mention postrelease control or the consequences of violating postrelease control during the hearing, although the subsequent journal entry imposed five years mandatory postrelease control and stated that violation of the conditions of postrelease control could result in an additional prison term of up to one-half the original five-year prison term. The judge made no mention of court costs at sentencing and the journal entry did not impose them. On July 30, 2010, Norris appealed from this judgment.

## II. Law and Analysis

### A. Motion for New Trial

**{¶ 10}** In her first assignment of error, Norris contends that the trial court erred in denying her motion requesting the court vacate its order denying her motion for a new trial. In her second assignment of error, she contends that the trial court erred in denying her motion for a new trial.

**{¶ 11}** Under App.R. 4(A), an appeal must be taken within 30 days of the date of the judgment or order appealed from. Without the timely filing of a

notice of appeal, an appellate court is without jurisdiction to hear the appeal. *State v. White*, 8th Dist. No. 82066, 2004-Ohio-5200, ¶23, citing *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 311 N.E.2d 870.

{¶ 12} Norris did not appeal the trial court's order of March 18, 2009 that denied her motion for a new trial. She should have appealed the court's order within 30 days of its entry. She cannot now bootstrap her failure to appeal that order into this appeal of the trial court's resentencing entry. We are without jurisdiction to consider assignments of error one and two and, accordingly, they are overruled.

## B. Right of Allocution

{¶ 13} In her third assignment of error, Norris contends that the trial court erred at resentencing by failing to afford her an opportunity to speak prior to sentencing.

{¶ 14} Under Crim.R. 32(A)(1), before imposing sentence, the trial court shall "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."[2]

---

[2]We recognize that this court has stated in several cases that Crim.R. 32(A) does not apply to resentencing. See, e.g., *State v. Craddock*, 8th Dist. No. 94387, 2010-Ohio-5782, ¶13; *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625; *State v. Taylor* (Oct. 29, 1992), 8th Dist. No. 63295. These cases, however, involved only a determination of whether the trial court had violated that

{¶ 15} But the trial court's failure to personally address the defendant is not prejudicial in every case. *State v. Campbell*, 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178. This court has held that the failure to strictly comply with Crim.R. 32(A)(1) may be harmless where defense counsel is able to speak on behalf of the defendant. *State v. Smelcer* (1993), 89 Ohio App.3d 115, 128, 623 N.E.2d 1219, appeal dismissed (1993), 67 Ohio St.3d 1502, 622 N.E.2d 650; see, also, *State v. Gumins*, 8th Dist. No. 90447, 2008-Ohio-4238 (trial court's failure to personally address defendant was harmless error where defense counsel spoke at length at resentencing).

{¶ 16} Furthermore, should the defendant make no attempt to object to a failure to comply with Crim.R. 32(A), the issue is waived for purposes of appeal. *State v. Merz* (July 31, 2000), 12th Dist. No. CA97-05-108, citing *State v. Peters* (Aug. 22, 1990), 9th Dist. No. 89CA004733; *Toledo v. Emery* (June 30, 2000), 6th Dist. No. L-99-1067.

{¶ 17} The transcript of the resentencing hearing reflects that despite the court's failure to ask Norris if she had anything to say, defense counsel was given an opportunity to address the court at length. Further, the record reflects that counsel raised no objection whatsoever regarding the trial court's

---

portion of Crim.R. 32(A) that provides that "[s]entencing shall be imposed without unnecessary delay." We find the court's pronouncement about Crim.R. 32(A) in these cases to be limited to the issue of delay in resentencing and not an indication that the remaining provisions of Crim.R. 32(A), which set forth the court's duty when imposing sentence, do not apply to resentencing.

failure to ask Norris if she wished to address the court. Accordingly, Norris's argument is not well-taken and her third assignment of error is therefore overruled.

## C.    Postrelease Control

{¶ 18} In her fourth assignment of error, Norris contends that the trial court erred because it did not inform her of postrelease control at resentencing, although it included five years mandatory postrelease control in its journal entry. In her fifth assignment of error, Norris argues that the trial court erred in imposing five years mandatory postrelease control in its journal entry because under R.C. 2967.28(B)(2), postrelease control for a second degree felony that is not a sex offense is three years.

{¶ 19} We agree with the State's assertion that the trial court was not required to reimpose postrelease control at the resentencing hearing. As the Ohio Supreme Court made clear in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, "a sentencing hearing on remand is limited to the issue found to be in error on the appeal." *State v. Fischer*, __Ohio St.3d __, 2010-Ohio-6238, __ N.E.2d __, ¶16, citing *Saxon*. This court remanded solely for merger of the allied offenses and correction of the conviction entry regarding that issue. Therefore, the three years mandatory postrelease control period imposed at Norris's original sentencing and set

forth in the trial court's original conviction entry was still valid upon remand, and the trial court had no obligation to orally reimpose postrelease control.

{¶ 20} Furthermore, pursuant to this court's mandate upon remand, the trial court could have issued an entry reflecting only the correction to Norris's sentence on the allied offenses. The trial court went beyond this court's mandate, however, and issued an entirely new sentencing entry. That entry erroneously imposed five years mandatory postrelease control on Norris.

{¶ 21} R.C. 2967.28(B) states that "[u]nless reduced by the parole board * * *, a period of postrelease control required by this division for an offender shall be one of the following periods: * * * (3) for a felony of the second degree that is not a felony sex offense, three years[.]" Norris was convicted of felonious assault, a second degree felony that is not a sex offense and, therefore, under R.C. 2967.28(B)(3), she was subject to three years postrelease control, not five.

{¶ 22} Accordingly, we remand with instructions to the trial court to correct its entry dated July 2, 2010, to reflect that Norris is subject to three years mandatory postrelease control, as imposed at Norris's original sentencing and correctly reflected in the trial court's original entry.

{¶ 23} Norris's fourth assignment of error is overruled; her fifth assignment of error is sustained.

## D. Court Costs

{¶ 24} In her sixth assignment of error, Norris contends that the trial court erred in not orally informing her of court costs at resentencing. She also complains that despite the fact that no costs were imposed in the journal entry of resentencing, the clerk of courts sent a cost bill to prison to be collected from any of her assets. The State contends that the trial court was not required to reimpose costs at resentencing because it had done so during the original sentencing hearing. We agree.

{¶ 25} Court costs were properly imposed at Norris's original sentencing and no issue about costs was raised in Norris's first appeal. This court remanded the matter solely for the purpose of correcting the conviction entry regarding the allied offenses; thus, there was no issue about costs upon remand. Accordingly, the trial court had no duty to reimpose costs, either orally or in its entry, because its original judgment imposing costs was still valid upon remand.

{¶ 26} With respect to Norris's complaint that the clerk sent a bill for costs even though no costs were imposed, we presume the bill was sent pursuant to the first sentencing entry, which ordered that Norris was to pay costs and which remained in effect even upon remand for resentencing upon the allied offenses. Norris's sixth assignment of error is overruled.

**{¶ 27}** Affirmed; remanded with instructions to the trial court to correct its entry dated July 2, 2010 to reflect that Norris is subject to three years mandatory postrelease control.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KENNETH A. ROCCO, J., CONCUR