[Cite as *Cleveland Mun. Court Criminal Div. v. Anthony*, 2012-Ohio-4055.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97786**

## CLEVELAND MUNICIPAL COURT CRIMINAL DIVISION

PLAINTIFF-APPELLEE

vs.

## DEBRA ANTHONY

DEFENDANT-APPELLANT

**JUDGMENT:**
**DISMISSED IN PART;**
**AFFIRMED IN PART**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 09 CVH 016094

**BEFORE:** Rocco, P.J., E. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 6, 2012

-i-

**FOR APPELLANT**

Debra Anthony, pro se
7112 Robinwood Lane
Gates Mills, Ohio   44040

**ATTORNEYS FOR APPELLEE**

Victor R. Perez
Chief City Prosecutor

BY:   William H. Armstrong, Jr.
      Karyn J. Lynn
Assistant Directors of Law
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Debra Anthony, proceeding pro se, appeals from orders entered by the Cleveland Municipal Court, that denied motions she filed in two underlying cases, viz., 2004 CRB 016230 (the "criminal case") and 2009 CVH 016094 (the "civil case").

{¶2} In the criminal case, Anthony filed a motion to mitigate the sentence imposed. In the civil case, Anthony filed a Civ.R. 60(B) motion for relief from judgment.

{¶3} Anthony presents six assignments of error. She asserts that in deciding her motions filed in the criminal case, the municipal court failed to follow its own local rules. She further asserts the municipal court abused its discretion in denying her motion to mitigate the sentence. She claims she did not receive service of the municipal court's journal entry dated May 26, 2011. She also claims that the court failed to recognize in her criminal case that it had authority to grant her Civ.R. 60(B) motion in the civil case. Finally, she asserts the court wrongly determined in the civil case that her Civ.R. 60(B) motion was untimely.

{¶4} Because Anthony failed to file an appeal, timely or otherwise, from the final order issued in 2004 CRB 016230 (her criminal case), this court cannot consider the first five assignments of error, all of which pertain to post-judgment motions Anthony filed in that case. The portion of Anthony's

appeal purporting to challenge the municipal court's orders in that case is dismissed.

{¶5} In her civil case, the municipal court did not abuse its discretion in denying her Civ.R. 60(B) motion. Consequently, Anthony's sixth assignment of error is overruled, and the municipal court's order in 2009 CVH 016094 is affirmed.

{¶6} The record of the criminal case reflects that Anthony owned a residential property located at 16 Lakefront Walk in the city of Cleveland. On May 5, 2004, as a result of a visit by a city housing inspector, Anthony received a citation that listed 50 housing code violations on the property.

{¶7} Anthony's criminal case proceeded to trial on November 3, 2004. She appeared with counsel and entered a plea of no contest to the charges listed in the citation, and, in its journal entry filed the following day, the Housing Court found her guilty. The court imposed a $2000.00 fine for Anthony's conviction. Anthony did not appeal her conviction to this court.

{¶8} On January 13, 2005, the Housing Court ordered Anthony to enter into a payment plan with the court clerk. The court furthered ordered her to complete her payments of the fine and court costs by January 15, 2006.

{¶9} On January 13, 2005, Anthony signed a contract by which she agreed to make payments on the fine and court costs until they were paid in

full, and agreed to complete her payments by January 15, 2006. She signed her name under a paragraph that stated: "It is further understood by me that if I fail to meet the terms of this agreement without reasonable and just cause, I shall be subject to a warrant for my arrest being issued, * * * and a civil judgment being rendered against me."

{¶10} The record reflects that on on January 12, 2006, Anthony made a $100 payment on her account. On January 13, 2006, the Housing Court granted Anthony an extension on her time to pay until April 15, 2006. On April 21, 2006, however, Anthony filed a "Motion to Mitigate" her sentence.[1]

{¶11} Anthony asserted in her motion that (1) the property had been foreclosed upon and sold at sheriff's sale, so she no longer owned the property, (2) she was "the sole breadwinner" of her family and could not afford to pay her fine, and (3) she never had the means to maintain the property to correct the code violations. Although several exhibits were attached to her motion, she attached no affidavit. Neither did she request an oral hearing.

---

[1]On appeal, Anthony calls this motion a petition for postconviction relief pursuant to R.C. 2953.21. She never raised this argument in the municipal court; therefore, even if this court could consider her appeal in the criminal case, it need not address this argument. *Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 7. At any event, the Ohio Supreme Court stated in *Dayton v. Hill*, 21 Ohio St.2d 125, 128, 256 N.E.2d 194 (1970), that R.C. 2953.21 does not apply to persons convicted of violating a municipal ordinance.

{¶12} On April 26, 2006, the Housing Court issued an order that granted Anthony time to pay her fine and costs until June 21, 2006. The note on this journal entry indicated it was issued "for a ruling on [Anthony's] motion to mitigate."

{¶13} Two and a half years later, on December 18, 2008, the Housing Court issued an order that denied Anthony's motion to mitigate her sentence. The order contained a note directing the "clerk to convert [unpaid fine] to civil judgment."

{¶14} On July 30, 2009, the municipal court clerk entered a "certificate of judgment for transfer" for collection of Anthony's outstanding fine from the criminal division to the civil division. By this act, the civil case against Anthony was both initiated and adjudged. Anthony did not file any appeal from this judgment entry.

{¶15} On August 31, 2009, Anthony instead filed in the criminal case a "motion for default judgment"[2] with respect to her motion to mitigate her sentence. On October 13, 2009, the court's civil division issued a certificate of judgment lien against Anthony in the amount of $2075.00.

---

[2] Anthony attached a copy of this motion to her motion for relief from judgment in the civil case; it indicates the "motion for default judgment" in the criminal case was filed with the municipal court clerk. The motion, however, does not appear anywhere on the court's docket. At any event, the criminal rules have no provision for a "motion for default judgment." *Compare* Civ.R. 55.

{¶16} On February 24, 2011, Anthony filed a pro se Civ.R. 60(B) motion for relief from judgment in her civil case; the caption of the motion contained a parenthetical asking the court to "see" her criminal case. Anthony sought "an order vacating the [municipal] court's entries of 11/4/2004, 12/18/2008 and 7/30/2009." The first two entries appeared in her criminal case.

{¶17} On June 11, 2011, the municipal court filed an "extended" judgment entry dated "May 20, 2011" that ruled upon Anthony's motion for relief from judgment. The judgment entry bore only Anthony's criminal case number.

{¶18} The court first noted her civil motion was inapplicable to her criminal case. The municipal court further noted with respect to the criminal case that, because Anthony's obligation to pay her fine remained in effect, and because the court declined to suspend any part of it, its decision to deny her motion to mitigate was "final." The court warned Anthony that any further requests from her to suspend part of the fine would be denied as untimely.

{¶19} On December 1, 2011, the municipal court issued a journal entry in the civil case that denied Anthony's Civ.R. 60(B) motion as untimely.

{¶20} On January 3, 2012, Anthony filed her appeal in this court from the foregoing order, stating that she appealed that one and "others." Although she presents six assignments of error, this court cannot address her

first five. Only Anthony's sixth assignment of error, which relates to the December 1, 2011 order that denied her motion for relief from judgment, can be addressed.[3] The reason for that limitation follows.

{¶21} In Anthony's criminal case, the municipal court's November 3, 2004 judgment entry finding her guilty of housing code violations and imposing a fine constituted a final order for purposes of appeal. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶11, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 1997-Ohio-340, 686 N.E.2d 267 (1997). A judgment of conviction is final when the order sets forth (1) the fact of the conviction; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio- 3330, 893 N.E.2d 163, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at syllabus.

{¶22} Because compliance with App.R. 4(A) is a jurisdictional requirement for this court, Anthony had thirty days in which to file an appeal of her conviction. *State v. Norris*, 8th Dist. No. 95485, 2011-Ohio-1795, ¶11, citing *Bosco v. Euclid*, 38 Ohio App.2d 40, 311 N.E.2d 870 (1974). She did

---

[3]Anthony's assignments of error are attached as an appendix to this decision.

not; instead, she filed in the municipal court a "motion to mitigate" her sentence.

**{¶23}** Municipal courts in Ohio have "the authority to impose a fine as part of [a defendant's] sentence." *Cleveland v. Leneghan*, 181 Ohio App.3d 378, 2009-Ohio-1086, 909 N.E.2d 148 (8th Dist.), ¶ 14. Courts in Ohio have no authority, however, to reconsider a valid final judgment in criminal cases. *State v. Myers*, 8th Dist. No. 65309, 1993 Ohio App. LEXIS 5561 (Nov. 18, 1993). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle* at ¶ 1. The Rules of Criminal Procedure specifically limit relief from judgments to those motions for which the same rules expressly provide. A "motion to mitigate" a sentence is "conspicuously absent" in the Criminal Rules. *Cleveland Hts. v. Richardson*, 9 Ohio App.3d 152, 458 N.E.2d 901 (8th Dist.1983). Relief from final judgments is allowed only by way of a Crim.R. 29(C) motion for acquittal after verdict or discharge of the jury, a Crim.R. 33 motion for a new trial, a Crim.R. 34 motion in arrest of judgment, and a Crim.R. 36 motion to correct clerical mistakes. *Id.*

**{¶24}** Anthony's "motion to mitigate" the fine imposed in her criminal case, therefore, was a nullity and could not serve to extend the municipal court's jurisdiction. *Leneghan*, 181 Ohio App.3d 378, 2009-Ohio-1086, 909

N.E.2d 148, (8th Dist.) ¶ 14. Thus, orders issued by the municipal court overruling post-judgment motions that Anthony filed in her criminal case were void. *Rocky River v. Garnek*, 8th Dist. No. 97540, 2012-Ohio-3079, ¶ 6. She cannot now "bootstrap" her failure to appeal her conviction into this appeal. *Norris*, 8th Dist. No. 95485, 2011-Ohio-1795, ¶ 12.

{¶25} As to Anthony's sixth assignment of error and her civil case, the municipal court's order that converted the fine to a civil judgment also constituted a final order. "Once a trial court has entered a final judgment in a [civil] matter * * * a party's options for legal recourse become significantly limited." *Schmidt v. Banker's Title & Escrow Agency, Inc.*, 8th Dist. No. 88847, 2007-Ohio-3924, ¶ 12. Anthony chose the option, a year and a half later, to file a Civ.R. 60(B) motion for relief from the judgment.

{¶26} This court reviews the denial of a Civ.R. 60(B) motion in accordance with the abuse-of-discretion standard. *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 117, 463 N.E.2d 417 (8th Dist.1983). An abuse of discretion implies more than an error of law or judgment; it suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶27} Civ.R. 60(B) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time
* * *.

{¶28} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *G.T.E. Automatic Elec. v. ARC Indus.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). A court must overrule the motion when a movant fails to establish even one of the three requirements. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1987).

{¶29} This court long has noted, however, that Civ.R. 60(B) is derived from a comparable federal rule of civil procedure, and that "a motion under that rule has been held to be no substitute for appeal." *Bosco*, 38 Ohio App.2d 40, 311 N.E.2d 870 (1974), citing *Demers v. Brown*, 343 F.2d 427 (1st Cir.1965). It is clear from the record that Anthony invoked Civ.R. 60(B)(4) as a substitute for a timely appeal from the July 30, 2009 civil judgment.

**{¶30}** In her brief in support of her motion, Anthony presented no evidence to show she had a meritorious defense to the judgment, nor any explanation for her delay in seeking relief from the judgment. *BMV Mechanical, Inc. v. Despar Co.*, 8th Dist. Nos. 89563 and 90059, 2008-Ohio-792. The municipal court did not abuse its discretion in denying her motion under these circumstances.

**{¶31}** Anthony's sixth assignment of error, accordingly, is overruled.

**{¶32}** Anthony's attempt to appeal from municipal court case number 2004 CRB 016230 is dismissed.

**{¶33}** The municipal court's order in case number 2009 CVH 016094 is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR


Appendix

Anthony's assignments of error state:

**I.   The trial court erred in making an untimely decision to the Defendant's Motion to Mitigate filed 4/21/2006 in violation of its own local rules.**

**II.   The trial court erred in denying the defendant[-]appellant's Motion to Mitigate.**

**III.   The trial court erred in giving an untimely response to defendant[-]appellant's Motion for a Default Judgment and Motion to Mitigate filed 9/1/2009 and 2/10/2009 in violation of local rule.**

**IV. Trial court erred by failing to serve a copy to defendant[-]appellant of "EXTENDED JOURNAL ENTRY" dated 5-26-11.**

**V.   The trial court erred by stating that there could not be relief from judgment in this case when there was a civil as well as a criminal judgment in the "EXTENDED JOURNAL ENTRY" dated 5-26-11.**

**VI.   The trial court erred when it denied Appellant's "motion for relief as untimely under Civil Rule 60(B)."**