[Cite as *Cleveland v. Durham Properties, Ltd.*, 2014-Ohio-4378.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100754

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DURHAM PROPERTIES LTD.

DEFENDANT-APPELLANT

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 2009 CRB 041851 and 2009 CRB 041852

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 26, 2014

**ATTORNEY FOR APPELLANT**

Amy K. Habinski
Habinski Law Offices L.L.C.
11470 Euclid Avenue
Suite 342
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Cleveland Law Director

By: William H. Armstrong, Jr.
Anthony W. Scott
Assistant Law Directors
601 Lakeside Avenue
Room 106-City Hall
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

**{¶1}** Durham Properties Ltd. ("Durham") appeals the denial of his motion to mitigate his sentence by the Cleveland Municipal Housing Court and assigns the following error for our review:

> The trial court erred when it failed to consider the required factors in ORC 2929.22(B)(1)(a)-(c) and (e), or its own additional criteria, in granting in part and denying in part appellant's motion to mitigate a misdemeanor sentence.

**{¶2}** Having reviewed the record and pertinent law, we dismiss the appeal for lack of jurisdiction. The apposite facts follow.

**{¶3}** This case involves Durham's failure to pay a fine ordered by the municipal housing court in connection with Durham's no contest plea on a series of building and housing code violations.

**{¶4}** On November 21, 2009, appellee, the city of Cleveland ("City"), filed two criminal complaints against Durham for violations of Cleveland's housing and building codes, for failing to make repairs on his duplex (2449 and 2451 West 11th Street, representing the front and back units of the duplex respectively). On June 24, 2010, Durham pled no contest to the charges. The trial court found him guilty, and imposed a $10,000 fine, plus court costs, for each unit.

**{¶5}** The trial court gave Durham additional time to rectify the violations and hearings were conducted to oversee the progress of the repairs to the properties. However, on August 11, 2011, the trial court ordered the $10,000 fines into execution. The court gave Durham until November 1, 2011, to pay the fines.

{¶6}   On November 6, 2012, over a year after the fines were to be paid, Durham filed a motion to mitigate the sentences for both units, or in the alternative, requested an extension of time to pay the fines.   Durham argued that substantial repairs had been completed on the units and that the remaining work did not constitute housing code violations.

{¶7}   On November 15, 2013, the trial court granted the motion to mitigate as to the 2251 West 11th Street property and suspended $4,500 of the $10,000 fine.   Durham filed an appeal from this order.   However, the order only dealt with the house located at 2251 West 11th Street.   Because Durham's motion to mitigate and appeal concerned both units, this court remanded the matter for the trial court to clarify whether the November 15, 2013 journal entry applied to both properties.   In response, on July 31, 2014, the trial court denied the motion to mitigate as to the unit located at 2249 West 11th Street.

## Jurisdiction

{¶8}   In its sole assigned error, Durham argues the trial court erred by failing to consider the factors set forth in R.C. 2929.22(B)(1)(a-c) and (e) in ruling on Durham's motion to mitigate the sentences.

{¶9}   We conclude we do not have jurisdiction to consider the appeal.   In *Cleveland v. Anthony*, 8th Dist. Cuyahoga No. 97786, 2012-Ohio-4055, this court addressed a similar issue.   In that case, the property owner challenged the municipal court's denial of a motion to mitigate housing code violations.   Like in the instant case, the property owner failed to file a direct appeal of the initial sentence imposed.   We concluded as follows:

Because compliance with App.R. 4(A) is a jurisdictional requirement for this court, Anthony had thirty days in which to file an appeal of her conviction. *State v. Norris*, 8th Dist. [Cuyahoga] No. 95485, 2011-Ohio-1795, ¶11, citing *Bosco v. Euclid*, 38 Ohio App.2d 40, 311 N.E.2d 870 (1974). She did not; instead, she filed in the municipal court a "motion to mitigate" her sentence.

* * *

"Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle* at ¶ 1. The Rules of Criminal Procedure specifically limit relief from judgments to those motions for which the same rules expressly provide. A "motion to mitigate" a sentence is "conspicuously absent" in the Criminal Rules. *Cleveland Hts. v. Richardson*, 9 Ohio App.3d 152, 9 Ohio B. 218, 458 N.E.2d 901 (8th Dist.1983). Relief from final judgments is allowed only by way of a Crim.R. 29(C) motion for acquittal after verdict or discharge of the jury, a Crim.R. 33 motion for a new trial, a Crim.R. 34 motion in arrest of judgment, and a Crim.R. 36 motion to correct clerical mistakes. *Id*.

Anthony's "motion to mitigate" the fine imposed in her criminal case, therefore, was a nullity and could not serve to extend the municipal court's jurisdiction. *Leneghan*, 181 Ohio App.3d 378, 2009-Ohio-1086, 909 N.E.2d 148, (8th Dist.) ¶ 14. Thus, orders issued by the municipal court overruling post-judgment motions that Anthony filed in her criminal case were void. *Rocky River v. Garnek*, 8th Dist. [Cuyahoga] No. 97540, 2012-Ohio-3079, ¶ 6. She cannot now "bootstrap" her failure to appeal her conviction into this appeal. *Norris*, 8th Dist. [Cuyahoga] No. 95485, 2011-Ohio-1795, ¶ 12.

*Id.* at ¶ 22-24.

**{¶10}** Thus pursuant to the above precedent, the time to file an appeal from the sentence was when the trial court ordered the execution of the sentence and not after the trial court ruled on the motion to mitigate. The trial court ordered the sentences into execution on August 11, 2011. Durham's motion to mitigate filed over a year later on November 6, 2012, did not extend the time to file the appeal. Because more than 30

days elapsed from the final judgment, we have no jurisdiction pursuant to App.R. 4(A) to consider the appeal.

{¶11} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON,   JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER,   J., CONCUR