[Cite as *Cleveland v. Chappell*, 2017-Ohio-4070.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104739

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## MICHAEL R. CHAPPELL

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 042539

BEFORE:   E.T. Gallagher, J., E.A. Gallagher, P.J., and Laster Mays, J.

RELEASED AND JOURNALIZED:   June 1, 2017

**ATTORNEY FOR APPELLANT**

John R. Christie
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland

BY:    James F. Sabrey
          William H. Armstrong
Assistant City Prosecutors
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Michael Chappell ("Chappell"), appeals the judgment of the Cleveland Municipal Court, Housing Division, which imposed a fine of $10,000 following a no contest plea. Chappell raises the following assignments of error for our review:

1. The trial court erred in entering judgment against defendant without a formal change of plea.

2. The trial court erred by imposing a fine of 10 to 50 times that recommended by the prosecutor.

3. The trial court erred by failing to reduce the fine, based on the remedial efforts of the defendant and the lack of objection or response by the prosecutor.

4. The trial court erred by failing to dismiss the case for failure to prosecute.

{¶2} After careful review of the record and relevant case law, we reverse and remand for further proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶3} From December 16, 2010 to March 22, 2013, Chappell was the owner of property located in Cleveland, Ohio. On March 5, 2012, Building and Housing Inspector, Pat Daley ("Daley"), observed several violations on Chappell's property, including unauthorized dumping and storage of dirt, soil, concrete, brick, stone, metal, trash, roofing materials, and other debris. On March 6, 2012, Daley issued Chappell a notice of violation, ordering Chappell to remove the materials from his property by April 5, 2012. On October 15, 2012, Daley observed that Chappell had not corrected the

relevant violations. As a result, a criminal complaint was filed against Chappell, charging him with failing to comply with notices of code violations pursuant to Cleveland Codified Ordinances ("C.C.O.") 3103.25(e), a first-degree misdemeanor, with each day from April 5, 2012 to October 15, 2012 constituting "a separate violation."

{¶4} At the initial appearance, Chappell pleaded not guilty. However, at a change of plea hearing held on May 7, 2013, defense counsel expressed Chappell's willingness to enter a no contest plea. After engaging in a plea colloquy with Chappell advising him of the effect of his plea, the court accepted Chappell's plea of no contest. On June 11, 2013, the housing court imposed a fine in the amount of $50,000, but stated that it would provide Chappell additional time to rectify the violations on the property.

{¶5} On October 8, 2013, the housing court held a hearing to discuss the status of Chappell's repairs to the property. At the hearing, the prosecutor informed the court that Chappell had remedied 80 percent of the violations observed on the property. As a result, the court ordered that $40,000 of the fine be suspended. The court further announced that it would consider suspending all or part of the remaining $10,000 fine if Chappell "came up with more compliance and files a motion to mitigate."

{¶6} On October 9, 2013, Chappell filed a motion to mitigate, arguing that he is no longer the current owner of the property and has made significant expenditures to "substantially comply" with the order of the city's building and housing department. Chappell requested that the court impose the $1,000 fine "originally recommended by the prosecutor." The motion was denied by the housing court on June 2, 2014. On July 30,

2014, Chappell filed a motion for reconsideration and mitigation, which the court denied on March 27, 2015.

{¶7} Chappell appealed from the housing court's denial of his motion for reconsideration and mitigation. On January 12, 2016, this court dismissed Chappell's appeal for lack of a final appealable order pursuant to *State v. Baker*,119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. On remand, the housing court issued a corrected journal entry on June 17, 2016 "to render a final judgment of conviction and denial of Chappell's motion for reconsideration and mitigation."

{¶8} Chappell now appeals from the housing court's final judgment and execution of sentence.

## II. Law and Analysis

{¶9} We begin our analysis by noting that the implications of this court's prior decisions in *Cleveland v. Durham Properties Ltd.*, 8th Dist. Cuyahoga No. 100754, 2014-Ohio-4378, and *Cleveland v. Anthony*, 8th Dist. Cuyahoga No. 97786, 2012-Ohio-4055, do not apply to the circumstances of this case based on the housing court's failure to impose a final conviction until ordered to do so by this court. Because the housing court's June 11, 2013 and October 8, 2013 journal entries were not final orders, we decline to address issues concerning the housing court's authority to consider a subsequent motion to mitigate. *See Cleveland v. Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga Nos. 103235, 103236, 103532, and 103533, 2016-Ohio-4559, ¶ 19-20.

## A. No Contest Plea

{¶10} In his first assignment of error, Chappell argues the trial court erred by entering judgment against him without a formal change of plea. He contends that his plea is invalid because he never formally stated on the record that he was pleading no contest. After careful review, we find Chappell's assertion is supported by the record.

{¶11} In this case, the following exchange occurred during the May 7, 2013 hearing:

> COURT: Gentlemen, have you reviewed this case, have you had an opportunity to pre-try this with the prosecutor?
>
> DEFENSE COUNSEL: We have, your Honor.
>
> COURT: And how would you like to proceed?
>
> DEFENSE COUNSEL: We're going to withdraw the not guilty and plead no contest, your Honor.
>
> COURT: All right. Now, Mr. Chappell, I'm sure your attorney has covered this with you, but I must personally address you and apprise you that when you withdraw your plea of not guilty and enter a plea of no contest, no contest is not an admission of guilty, but is an admission that the violation did exist.
>
> When you enter such a plea, you give up your right to a jury trial, your right against self-incrimination, and your right for compulsory process, that's your right to bring in your own witnesses, and your right to force the City to prove beyond a reasonable doubt your guilt.
>
> Do you understand those rights and knowingly and willingly give them up?
>
> CHAPPELL: Yes.
>
> COURT: All right. I'll accept your plea.

{¶12} "The tendering of a plea of no contest or of guilty has substantial consequences to a criminal defendant." *State v. Singleton*, 169 Ohio App.3d 585, 2006-Ohio-6314, 863 N.E.2d 1114 (2d Dist.). Generally,

> [t]o effectuate the tendering of a no-contest plea, a criminal defendant must either do so by signing a writing reflecting an express plea, or orally, either by saying, affirmatively, that he is pleading "no contest," or by responding affirmatively to the trial court's question, "are you pleading no contest," phrased in the present, unconditional tense.

*Id*. at ¶ 71.

{¶13} In this case, we find the housing court fulfilled its obligations under Crim.R. 11 and properly explained to Chappell the effects of entering a no contest plea. However, our review of the transcript indicates that Chappell never tendered a formal plea following the Crim.R. 11 explanation. In addition, the record does not contain a signed writing reflecting an expressed plea. There is little doubt that defense counsel expressed to the housing court that Chappell was willing to enter a no contest plea. It is equally evident that the parties proceeded with the hearing as if a no contest plea had been tendered. Nevertheless, Chappell did not expressly plead no contest during the May 7, 2013 hearing, and this court is not prepared to recognize an implied plea. In our view, "doing so would be inconsistent with the requirement in Crim.R. 11(A) that: 'All other pleas [besides a plea of not guilty by reason of insanity] may be made orally.'" *Singleton* at ¶ 71.

{¶14} This court has reached similar conclusions in cases involving guilty pleas, stating that "[a] court may not convict and sentence a defendant where no plea has been

entered upon the record." *Cleveland v. Wainwright*, 8th Dist. Cuyahoga No. 36623, 1977 Ohio App. LEXIS 8284, *2 (Nov. 17, 1977); *see also State v. Miller*, 8th Dist. Cuyahoga No. 96022, 2011-Ohio-5158, ¶ 6, citing *State v. Smith*, 8th Dist. Cuyahoga Nos. 58334, 58418, and 58443, 1991 WL 41730 (Mar. 28, 1991). We find the foregoing precedent applies equally to no contest pleas.

{¶15} Because the record does not reflect that Chappell expressly tendered a plea of no contest, there was no plea for the trial court to accept, and consequently no basis for the judgment of conviction. Chappell's first assignment of error is sustained. His remaining assignments of error are rendered moot.

{¶16} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR