[Cite as *Cleveland v. Edwards*, 2018-Ohio-583.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105600

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# DONALD EDWARDS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 021363

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 15, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland

BY:    Kimberley G. Barnett-Mills
Chief Assistant City Prosecutor
BY:    Karyn J. Lynn
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Donald Edwards, appeals his conviction of violating a temporary protection order and assigns one error for review:

> Mr. Edwards's guilty plea was not validly entered and accepted, and must be vacated.

{¶2} We find merit to the appeal and reverse the trial court's judgment.

## I. Facts and Procedural History

{¶3} Edwards was charged in the Cleveland Municipal Court with violating a temporary protection order in violation of R.C. 2919.27. On the scheduled trial date, the prosecutor requested a continuance of the trial. Edwards, who had been in jail for almost two months by that time, asked to be released on bond. In the midst of the discussion on the bond issue, Edwards exclaimed: "I'll take the deal." (Tr. 15.) In response to the court's inquiry regarding the deal, the prosecutor advised that Edwards would plead to one count of violating a temporary protection order, and the city would agree to dismiss the charges in a separate case arising from the same incident.

{¶4} Upon questioning, Edwards indicated to the court that he wished to enter a plea because he wanted to resolve the case. The court then advised Edwards that he would be sentenced at a later date and released Edwards from jail on bond. Edwards was later sentenced to two years of inactive community control and placed on the mental-health docket. Edwards now appeals his conviction.

## II. Law and Analysis

**{¶5}** In his sole assignment of error, Edwards argues his no contest plea[1] should be vacated because the trial court failed to advise him of the effect of his plea in violation of Crim.R. 11. He also asserts that he never actually entered a plea.

**{¶6}** Crim.R. 11 sets forth certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea in order to ensure that a defendant enters a guilty or no contest plea knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Whether the trial court accepted a plea in compliance with Crim.R. 11 is subject to de novo review. *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 13.

**{¶7}** The requirements for entering guilty or no contest pleas set forth in Crim.R. 11 vary depending on whether the plea is made in felony cases (Crim.R. 11(C)), misdemeanor cases involving serious offenses, (Crim.R. 11(D)) and misdemeanor cases involving petty offenses (Crim.R. 11(E)). The plea procedure in felony cases is more complex than that required in misdemeanor cases. And the procedure for serious misdemeanor offenses is slightly more elaborate than that required for petty misdemeanors.

**{¶8}** Edwards was charged with violating a temporary protection order in violation of R.C. 2929.27, a first-degree misdemeanor subject to a maximum sentence of 180 days

---

[1] Edwards states in his assignment of error that his "guilty plea" should be vacated, and the court's journal refers to a "no contest" plea. However, for the reasons explained in the opinion, Edwards never actually entered a plea of any kind on the record. There was, therefore, neither a guilty plea nor a no contest plea in this case.

in jail.  R.C. 2929.24(A)(1).  The crime is a "petty offense" because the penalty does not exceed 180 days in jail.  Crim.R. 2(D).  Therefore, the trial court was required to comply with the procedure set forth in Crim.R. 11(E) for accepting guilty and no contest pleas.

{¶9} Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."  In other words, all the court was required to do before accepting Edwards' plea was to explain the effect of the guilty or no contest plea.

{¶10} If a trial court fails to comply with applicable sections of Crim.R. 11, the reviewing court must determine whether the court failed to explain the defendant's constitutional or nonconstitutional rights and determine the significance of the failure and the appropriate remedy.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30.  With respect to the defendant's waiver of constitutional rights, the trial court must strictly comply with any provisions of Crim.R. 11.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

{¶11} With respect to nonconstitutional rights, which includes a defendant's right to be informed of and understand the effect of a guilty or no contest plea, substantial compliance is required.  *Id.* at ¶ 14.  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶12}** Additionally, it has been held that, unlike other constitutional aspects of Crim.R. 11(C)(2), "it is presumed that a defendant who has entered a no contest plea or guilty plea without asserting actual innocence understands the effects of his or her plea." *Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 18, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51.

**{¶13}** The trial court addressed Edwards and stated:

THE COURT: Look here. Look here. Docket Number 17 is a nolle. No contest. Consent to a finding of guilt to Docket Number 16; is that what you want to do?

THE DEFENDANT: Say that again.

THE COURT: Do you want to plead no contest to Docket Number 16?

THE DEFENDANT: Yes, if it's going to resolve this. I'm trying to get this resolved.
THE COURT: I'm going to bring it back for sentencing 2-8-17. I'm going to give you a personal bond and let you out of jail today.

(Tr. 22.)

**{¶14}** The trial court never explained the effect of a guilty or contest plea, nor did the court explain the nature of the offense to which Edwards was supposed to enter a no contest plea. There is no indication in the record that Edwards subjectively understood the charges alleged in "Docket Number 16." Indeed, Edwards never uttered the words "no contest" or "guilty." Under these circumstances, we cannot presume that Edwards subjectively understood the effect of either a guilty or a no contest plea.

**{¶15}** Moreover, "'[a] court may not convict and sentence a defendant where no plea has been entered upon the record.'" *Cleveland v. Chappell*, 8th Dist. Cuyahoga

No. 104739, 2017-Ohio-4070, ¶ 14, quoting *Cleveland v. Wainwright*, 8th Dist. Cuyahoga No. 36623, 1977 Ohio App. LEXIS 8284 (Nov. 17, 1977). Since Edwards never entered a plea on the record, his conviction is a nullity.

{¶16} The sole assignment of error is sustained.

{¶17} Judgment reversed and case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR