[Cite as *Toledo v. Blackshear*, 2020-Ohio-1233.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo　　　　　　Court of Appeals No. L-19-1092

　　　Appellee　　　　　　　　　　　　Trial Court No. TRC-17-18903

v.

Ishmial Blackshear　　　　　　　　　**DECISION AND JUDGMENT**

　　　Appellant　　　　　　　　　　　Decided:　March 31, 2020

* * * * *

David Toska, Chief Prosecutor, and Jimmie Jones,
Assistant Prosecutor, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Ishmial Blackshear Bey[1], appeals the May 10, 2019 judgment of

the Toledo Municipal Court convicting him of one count of operating a vehicle while

intoxicated.　For the following reasons, we affirm the judgment of the trial court.

---

[1] At the April 3, 2019 plea hearing, appellant informed the trial court that his full name is
Ishmial Blackshear-Bey. In his filings, however, he identifies his last name only as Bey.
For that reason, we identify appellant as Bey despite the matter being captioned *Toledo v.
Blackshear*.

## I. Background

{¶ 2} The facts underlying this appeal are not in dispute.[2] On August 28, 2017, appellant was arraigned on one count of driving while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1), a first-degree misdemeanor; one count of making an improper turn at an intersection in violation of R.C. 4511.36, a minor misdemeanor; and one count of possession of marijuana in violation of R.C. 2925.11(C)(3)(a), a minor misdemeanor. Bey declined the assistance of counsel and proceeded pro se to a bench trial on March 13, 2018. He was convicted of driving while under the influence of alcohol but was acquitted of the traffic violation and the possession of marijuana charge.

{¶ 3} Bey appealed his conviction arguing the trial court failed to properly advise him of the dangers of proceeding at trial without the assistance of counsel. On February 22, 2019, we reversed Bey's conviction finding that while Bey consistently expressed his desire to represent himself, the trial court failed to conduct the necessary pretrial colloquy "to ensure that Bey understood the dangers and disadvantages of self-representation." *Blackshear* at ¶ 25. The failure to engage in this colloquy prevented appellant from knowingly, intelligently, and voluntarily waiving his right to the assistance of counsel at trial and rendered his conviction invalid under the Sixth

---

[2] For a full recitation of facts see *State v. Blackshear*, 6th Dist. Lucas No. L-18-1103, 2019-Ohio-655, ¶ 2-15.

2.

Amendment of the United States Constitution. *Id.* We remanded the matter for further proceedings related to the OVI charge.

{¶ 4} While his initial appeal was pending, Bey was charged with driving while under a license suspension in violation of R.C. 4511.10, a first-degree misdemeanor, and for driving with an expired registration in violation of R.C. 4503.11, a minor misdemeanor. These additional charges were consolidated with the remanded case under Toledo Municipal Court case No. TRC-17-18903. The consolidated case was set for pretrial on April 3, 2019.

{¶ 5} On that same date, Bey filed a "Judicial Notice of Notice of Special Appearance" in which he advised the trial court of his intent to enter a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). Then, at the pretrial, appellant renewed his desire to enter an *Alford* plea but also described it as a no contest plea. The court explained the difference between the two pleas to Bey and allowed him to speak with the public defender to help answer any questions he may have. After speaking with the public defender, Bey confirmed his understanding of the difference between a no contest plea and an *Alford* plea, and reaffirmed his desire to enter an *Alford* plea.

{¶ 6} Next, the court explained the charge to which Bey was entering his plea— the OVI—and that as a result of his plea, the state was dismissing the additional charges of driving while under suspension and driving with an expired registration. The court also explained the potential penalties resulting from entering an *Alford* plea to the OVI

3.

charge. Bey responded by challenging the legitimacy of the statute establishing the penalties. Following a discussion regarding his disagreement with the provisions of the statute, Bey ultimately confirmed his understanding of both the minimum and maximum sanctions he faced if convicted.

{¶ 7} Finally, the court explained to Bey that he had the right to the assistance of counsel in entering his plea. Bey stated that he wished to proceed without counsel but declined to waive his right to counsel. The court explained that he could not accept Bey's plea unless he either agreed to the representation of a court-appointed counsel or waived his right to counsel. Bey continued to ask the trial court to move forward with the plea hearing but refused to accept appointed counsel or waive his right to counsel. After a lengthy discussion, the trial judge stated that he decided to recuse himself because he was unable to effectively communicate with Bey. A recusal order was filed later that day and the matter was assigned a different judge.

{¶ 8} The court set the matter for a new pretrial, before the newly-assigned judge, on April 17, 2019. One day before the pretrial, Bey again filed a "Judicial Notice of Notice of Special Appearance" in which he announced his intention to enter an *Alford* plea. At the pretrial, Bey again stated that he wished to enter an *Alford* plea to the OVI charge. Just as the previous judge had done, the court advised Bey of the parameters of an *Alford* plea and its distinction from a no contest plea. The court also advised Bey that by entering his chosen plea he would be waiving his right to a trial and the right to confront any witnesses presented against him. Bey was also advised that entering an

4.

*Alford* plea would serve as consent to being found guilty. The court informed Bey of the potential penalties he could impose upon finding Bey guilty.

{¶ 9} Finally, the court advised Bey of his right to counsel. Bey was adamant that he wished to proceed without counsel in entering an *Alford* plea but declined to waive his right to counsel. The court asked Bey if his eyes were wide open "with regards to the hazards of proceeding, on your own, and without an attorney?" Bey responded "[y]es, they are. And the hazards of having an attorney is also wide open." The court concluded that Bey had been sufficiently advised of his right to counsel and that he had waived that right.

{¶ 10} Following the discussion of Bey's rights, the state proceeded to describe the evidence it expected would be introduced at trial in support of the OVI charge. The court then explained to Bey that the state had provided a statement of the facts it expected to prove at trial and that if Bey entered an *Alford* plea he would determine whether Bey was guilty based on those facts. Bey affirmed his understanding of the process and entered a guilty plea pursuant to *Alford.* The court then asked Bey if he wished to make any additional statements before it issued its finding of guilt. Bey responded "[o]nly the retention of all my rights; constitutional and through the state of Ohio." The court found Bey guilty of operating a vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1). The remaining charges of driving on a suspended license and driving with expired registration were dismissed.

5.

**{¶ 11}** The court sentenced Bey to 90 days in jail with 87 days suspended. Bey was given the opportunity to serve the remaining three days at a driver intervention program provided he complete the program before June 19, 2019. The court also imposed a fine of $375, ordered Bey to pay courts costs of $108, imposed one year of inactive probation as a community control sanction, and imposed a mandatory one-year driver's license suspension. Bey's conviction and sentence were memorialized in the trial court's May 10, 2019 judgment entry.

**{¶ 12}** Bey timely appealed the trial court's judgment and asserts the following assignments of error for our review:

1. The trial court erred and deprived Mr. Bey of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio Constitution as the court failed to ensure that Mr. Bey had made a voluntary, knowing, and intelligent waiver of his right to counsel.

2. The trial court erred when it failed to substantially comply with Criminal Rule 11(E).

3. He trial court erred when it failed to determine if Mr. Bey's *Alford* plea had been voluntarily and intelligently made.

## II. Law & Analysis

### A. Bey voluntarily, knowingly, and intelligently waived his right to counsel.

{¶ 13} Bey's first assignment of error alleges he did not voluntarily, knowingly, or intelligently waive his right to counsel before entering his plea. Bey argues that this ineffective waiver of his right to counsel renders his conviction invalid. We review whether a defendant voluntarily, knowingly, and intelligently waived his or her right to counsel de novo. *State v. Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, ¶ 14.

{¶ 14} Criminal defendants are guaranteed the right to counsel at all critical stages of the criminal process under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Id.* at ¶ 7, citing *Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. A plea hearing is a critical stage of the criminal process at which the right to counsel applies. *Id.*, citing *Iowa v. Tovar*, 541 US. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). Thus, defendants wishing to enter a plea without the assistance of an attorney must waive their right to counsel. *State v. Doane*, 69 Ohio App.3d 638, 646, 591 N.E.2d 735 (11th Dist.1990). Any waiver of a defendant's right to counsel must be made voluntarily, knowingly, and intelligently. *Id.* Moreover, Crim.R. 44(C) requires that the "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded[.]"

{¶ 15} There is a strong presumption against finding that a defendant has waived his or her right to counsel. *Reece* at ¶ 9. "In order to establish an effective waiver of

7.

right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), syllabus. To do so, the trial court must engage in a colloquy with the defendant to ensure that he or she "'has been made aware of the dangers and disadvantages of self-representation.'" *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 43. That is, a valid waiver of one's right to counsel "must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948). But, there is no "one-size-fits-all" approach for trial courts to follow. "The information a defendant must possess in order to make an intelligent [waiver] * * * will depend on a wide range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 101.

{¶ 16} Moreover, while there is a strong presumption against finding a defendant waived their right to counsel, the defendant's right to counsel "must be considered along with the need for the efficient and effective administration of criminal justice." *State v. Hook*, 33 Ohio App.3d 101, 514 N.E.2d 721 (10th Dist.1986), citing *U.S. v. Weninger*, 624 F.2d 163, 166 (10th Cir.1980). "A defendant may not be permitted to be reasonably

8.

perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process." *Id.*, citing *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974). A waiver of counsel can be inferred when a defendant's conduct in requesting counsel is perceived as frustrating the judicial process. *Id.* To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person. *Id.*

{¶ 17} Turning to the facts of this case, we review the specific exchanges between Bey and the court at the April 3 and April 17 hearings.

{¶ 18} At the April 3, 2019 hearing, the court advised Bey of the difference between an *Alford* plea and a no contest plea after Bey's statements indicated confusion on that issue. The court provided appointed counsel to Bey for the limited purpose of assisting in explaining the difference between two types of pleas. Once that confusion was resolved, the court went through each potential penalty that could be imposed should Bey proceed with his *Alford* plea and be found guilty of the OVI charge. Finally, with regard to Bey's right to counsel, the court engaged in the following exchange:

> THE COURT: So under the statute 4511.19, and under Federal and State Constitution, since you are looking at potential jail time upon a conviction, you've got the right to an attorney. And of course, if you can't afford an attorney, The (sic) Court would appoint you an attorney. Entering

9.

a guilty plea, at this time, you would be waiving your right to an attorney. Do you wish to waive your right to an attorney?

THE DEFENDANT: No. I'm not waiving any rights of mine. I want all of them.

THE COURT: Okay, well I can't accept your guilty plea, right now, if you are not waiving your right to an attorney. Do you wish to have additional time to come back with an attorney? Do you want the public defender assigned to you?

THE DEFENDANT: No. I don't – why would – why would I need an attorney? I'm a grown man. Why would I need an attorney?

THE COURT: I didn't say you need an attorney. I said you've got the right to an attorney.

THE DEFENDANT: Exactly. So I'm saying that I don't want one. Why would I have to waive it? It's mine. I'm not waiving anything. I'm just saying that I don't need one. I simply don't need a lawyer. I wrote this out –

THE COURT: If you intend to proceed, without an attorney, you'd be waiving that right.

THE DEFENDANT: Okay. If you need the attorney you can utilize him. I'm reserving all of my rights, but if you need to utilize him that's fine. As long as it don't impeach any of my rights, I'm fine.

THE COURT: Well, again, it's not my rights. It's your right.

THE DEFENDANT: Exactly.

THE COURT: It doesn't make a difference to me.

THE DEFENDANT: Okay.

THE COURT: But again, if you're proceeding, without an attorney, -- right now you're saying you don't want one. That would be, in fact, a waiver of your right to an attorney.

THE DEFENDANT: Not a waiver. It's me saying that I don't want to use an attorney. I don't want to waive my right just because I don't want to use an attorney. I don't want – I don't want one.

* * *

THE COURT: Okay. So you want to proceed, but you're not saying you want to waive your right to an attorney; is that what I hear?

THE DEFENDANT: I don't want to waive any of my rights.

THE COURT: Okay.

THE DEFENDANT: I don't want to go around waiving my rights. I don't want to do that.

{¶ 19} Following this exchange, the judge recused himself and a different judge was assigned. On April 17, 2019, the court held a second plea hearing before the newly-assigned judge, and the following exchange occurred:

THE COURT: Okay. Ishmial Blackshear-Bey, you do have the right to an attorney. You can get up to six months, in jail, and a thousand dollar fine, plus a license suspension on the charge of Driving Under the Influence (sic). Because you have the possibility of going to jail, you do have the right to an attorney. And if you cannot afford one, I would appoint a public defender to discuss the two – to represent you, and you could discuss this case, with that attorney, before entering any kind of plea. Do you want to have the opportunity to hire your own attorney? Do you want to have the opportunity to see if you qualify for a public defender, or do you want to proceed on your own?

THE DEFENDANT: Proceed on my own.

THE COURT: Okay. And you understand, by doing that, you are waiving your constitutional right to an attorney, correct?

THE DEFENDANT: I'm just not using it. I'm not waiving it, I'm just not using it.

THE COURT: Okay. * * * Are your eyes wide open to the hazards of proceeding, on your own, and without an attorney?

THE DEFENDANT: Yes, they are. And the hazards of having an attorney is wide open also.

{¶ 20} Based on this record and the specific circumstances of this case, we find that Bey voluntarily, knowingly, and intelligently waived his right to counsel for the following reasons.

{¶ 21} First, the court made Bey aware of the nature of the charges he was facing and the range of allowable punishments thereunder, which is an important prerequisite for any valid waiver of one's right to counsel. *Gibson*, 45 Ohio St.2d at 377, 345 N.E.2d 399, quoting *Von Moltke*, 332 U.S. 708 at 723, 68 S.Ct. 316, 92 L.Ed. 309. And Bey confirmed to the trial court that he understood the penalties associated with a conviction.

{¶ 22} Next, when we consider "case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding" *Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 101, we find that there are important distinctions between this appeal and his previous appeal, *Blackshear*, 6th Dist. Lucas No. L-18-1103, 2019-Ohio-655, which we cannot ignore. In his previous appeal, we considered whether the court had secured a voluntary, knowing, and intelligent waiver of Bey's right to counsel before *trial*—which implicated additional considerations not at issue now, such as the fact that the defendant "will be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial." *Blackshear* at ¶ 21, quoting *State v. Furr*, 1st Hamilton Dist. No. C-170046, 2018-Ohio-2205, ¶ 9. In addition, we find that Bey's prior experience with legal proceedings—including his previous appeal— suggests to us that he is more familiar than the average litigant with the disadvantages of proceeding without

13.

defense counsel. Moreover, the OVI charge against Bey is not particularly complex and its nature would not be difficult for Bey to grasp.

{¶ 23} Most importantly, considering the "total circumstances of this case"— including but not limited to the "conduct of the accused person"— we find that this case presents a rare situation in which a waiver may be inferred because Bey is "reasonably perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process." *Hook,* 33 Ohio App.3d at 103, 514 N.E.2d 721. Throughout both hearings, Bey repeatedly stated that he did not "need" or "want" a lawyer, but simultaneously refused to acknowledge that he was "waiving" his right to an attorney. Despite Bey's obstinance, the trial court provided Bey with enough information to make an intelligent election to proceed with his *Alford* plea without the assistance of counsel, and Bey did, in fact, freely and intelligently elect to waive his right to counsel by stating that he did not "need" or "want" a lawyer.

{¶ 24} We therefore find that Bey voluntarily, knowingly, and intelligently waived his right to counsel, and his first assignment of error is found not well-taken.

**B. Bey voluntarily, knowingly, and intelligently entered his *Alford* plea.**

{¶ 25} Bey's second assignment or error alleges that the trial court failed to comply with Crim.R. 11 in accepting his *Alford* plea, and his third assignment of error alleges that the trial court failed to confirm that Bey entered his plea voluntarily, knowingly, and intelligently. We will address these assignments of error together.

14.

**{¶ 26}** Initially, we note that Bey was charged with and convicted of operating a vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1), which is a traffic offense. *See State v. Blatnick*, 17 Ohio App.3d 201, 207, 478 N.E.2d 1016 (6th Dist.1984) (holding that a violation of R.C. 4511.19(A)(1) is a traffic offense). As such, the Ohio Traffic Rules—rather than the Ohio Rules of Criminal Procedure—are applicable in this case. *State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 8. Specifically, given that a violation of R.C. 4511.19(A)(1) is a petty offense, Traf.R. 10(D) controls. *Blackshear* at ¶ 24. Courts have recognized, however, that Traf.R. 10(D) and Crim.R. 11(E)—which addresses pleas in misdemeanor (non-traffic) cases involving petty offenses—are "identical in all relevant respects" and, therefore, "cases analyzing a court's duties under Crim.R. 11(E) can also be applied to cases analyzing Traf.R. 10(D)." *Id.*

**{¶ 27}** Under Traf.R. 10(D), the trial court cannot accept a plea of guilty "without first informing the defendant of the effect of the plea." A trial court properly communicates the "effect of the plea" under Traf.R. 10(D) "by informing the defendant of the applicable information in Traf.R. 10(B)." *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 7. Regarding guilty pleas, Traf.R. 10(B)(1) states that a "plea of guilty is a complete admission of the defendant's guilt." Bey argues that his plea was not voluntary, knowing, or intelligent because the trial court failed to inform him that his *Alford* plea was a complete admission of guilt. We disagree.

15.

{¶ 28} Although the court did not recite the exact language from Traf.R. 10(B) when informing Bey about the effect of his plea, such literal compliance is "preferable" but not required. *State v. Willis*, 6th Dist. No. WD-16-048, 2019-Ohio-1182, ¶ 9. Where a trial court does not literally comply with the applicable rule with regard to a nonconstitutional right—such as informing the defendant of the effect of the plea— substantial compliance is sufficient to satisfy the trial court's obligations. *Id.* at ¶ 14.

{¶ 29} Here, the record shows that the court advised Bey that his *Alford* plea would constitute his consent to being found guilty. Specifically, the court stated "by entering a plea, you would be consenting to being found guilty. And I would then find you guilty, of the Driving Under the Influence charge, and we would proceed to sentencing." We find this statement advised Bey of the effect of his chosen plea and substantially complied with the requirements of Traf.R. 10(D).

{¶ 30} Additionally, we note that a trial court does not necessarily need to inform the defendant of the effect of his guilty plea at the same hearing at which the plea is entered. *Everson* at ¶ 10, citing *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 20, fn. 3. While we have already determined that the trial court substantially complied with Traf.R. 10(D) when accepting Bey's plea at the April 17 hearing, we also recognize that the trial court had already offered a more-detailed explanation of the effect of his *Alford* plea during the April 3 hearing. At that plea hearing—which occurred only 14 days before the ultimate plea hearing—the trial court substantially complied with Traf.R. 10(D) by informing Bey that "with an Alford plea, you're pleading guilty, okay?

16.

But with an Alford plea you're not admitting guilt. You're simply saying that I'm entering a guilty plea because, I believe, the prosecution has sufficient evidence for a conviction, if we went to trial."

{¶ 31} In sum, given that the trial court complied with Traf.R. 10(D) in accepting Bey's plea, we find that Bey's plea was entered voluntarily, knowingly, and intelligently. Bey's second and third assignments of error are therefore not well-taken.

### III. Conclusion

{¶ 32} For the foregoing reasons, we find Bey's assignments of error not well-taken. We therefore affirm the May 10, 2019 judgment of the Toledo Municipal Court. Bey is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                 _____

JUDGE

Christine E. Mayle, J.         

Gene A. Zmuda, P.J.             _____

JUDGE

CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.