[Cite as *State v. Nunley*, 2023-Ohio-4577.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

      Appellee

v.

Karl Nunley

      Appellant

Court of Appeals No.  L-23-1136

Trial Court No.  TRC-22-09124

**DECISION AND JUDGMENT**

Decided:  December 15, 2023

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**ZMUDA, J.**

## I.     Introduction

{¶ 1} Appellant, Karl Nunley, appeals the May 10, 2023 judgment of the Toledo

Municipal Court, finding him guilty of operating a motor vehicle under the influence of

alcohol in violation of R.C. 4511.19(A)(1)(a).  Appellant argues that his no contest plea

to the underlying charge was not made knowingly, intelligently, or voluntarily, because the trial court failed to comply with Traf.R. 10 when it accepted his no contest plea. The state concedes that the trial court erred. Having reviewed the record, we find that the trial court committed error in accepting appellant's plea and we reverse the trial court's judgment.

## II.    Facts and Procedural Background

{¶ 2} On June 23, 2022, appellant was operating a vehicle on a public roadway in Lucas County, Ohio. He was pulled over on suspicion of operating a vehicle while intoxicated and ultimately arrested. He was charged with refusing to submit to chemical tests to determine whether he was operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(2)(b), a first-degree misdemeanor; maintaining physical control of a vehicle while intoxicated in violation of R.C. 4511.194, a first-degree misdemeanor; and for failing to register his vehicle in violation of R.C. 4503.11, a minor misdemeanor. He was released the following day on a personal recognizance bond. He appeared for his arraignment on June 19, 2022, and entered a not guilty plea to each offense.

{¶ 3} Following negotiations with the state, appellant appeared for a change of plea hearing on January 24, 2023. At that time, the state informed the trial court that it had agreed to move for amendment of the refusal to submit to chemical test offense to a charge of operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a). The state also agreed to seek dismissal the remaining counts in exchange for appellant's

2.

entry of a no contest plea to the amended charge. Appellant's counsel confirmed that this was his understanding of the plea agreement. The trial court then engaged in a lengthy discussion of appellant's mental and physical health, appellant's wife's mental health as it related to her dealing with appellant's health issues, and the logistics of appellant continuing to work while also attending counseling for alcohol abuse that may be ordered upon his conviction. At no time during the change of plea hearing did the trial court elicit an actual plea from appellant, engage in any plea colloquy with appellant to advise him of the rights he would be waiving by entering a plea, or advise appellant of the effect of entering a plea. Further, the trial court never announced a guilty verdict based on the purportedly entered no contest plea. Nevertheless, the trial court set a sentencing hearing for May 10, 2023.

{¶ 4} At sentencing, the trial court again engaged in significant discussion of appellant's mental and physical health as well as appellant's wife's mental health. At the conclusion of the hearing, the trial court, without reference to any prior guilty finding, sentenced appellant to a 6-month jail term, with all but 5 mandatory days suspended. It also imposed 18 days of electronic monitoring following his service of the 5-day jail term, imposed one year of active probation, a seven-year license suspension with privileges for attending work, and a $525 fine plus court costs. Appellant's sentence was memorialized later that same day. The judgment entry reflected a guilty finding on the

3.

amended operating a vehicle while intoxicated offense based on appellant's entry of a no contest plea on January 24, 2023, despite the fact that no plea had ever been entered.

### III.    Assignments of Error

{¶ 5} Appellant timely appealed and assigns the following errors for our review:

1. Reversal is proper where trial court failed to offer appellant colloquy required by Traf.R. 10 before his plea.

2. Reversal is proper where trial court failed to offer allocution.

3. Reversal is proper where appellant did not make a knowing, intelligent plea.

4. Reversal is proper where trial court did not request explanation of circumstances.

5. Reversal is proper where trial counsel failed to give sound advice.

### IV.    Law and Analysis

{¶ 6} Appellant's first and third assignments of error allege that the trial court erred in accepting his no contest plea. Because our resolution of these assignments is dispositive of the appeal, we address them first.

{¶ 7} In his first assignment of error, appellant argues that the trial court erred when it failed to complete the plea colloquy required under Traf.R. 10(D) by not informing him of the effect of his plea as described in Traf.R. 10(B). In his third

4.

assignment of error, appellant argues that his plea was not made knowingly, intelligently, or voluntarily because the trial court failed to provide that information. In its brief, the state concedes that the trial court erred in accepting appellant's plea.[1] We agree.

{¶ 8} To accept appellant's no contest plea to his violation of R.C. 4511.19(A)(1)(a), the trial court was obligated to comply with Traf.R. 10(D). *Toledo v. Blackshear,* 6th Dist. Lucas No. L-19-1092, 2020-Ohio-1233, ¶ 26. Traf.R. 10(D) states that the trial court cannot accept a no contest plea "without first informing the defendant of the effect of the plea." *Id.* Trial courts comply with this requirement by "informing the defendant of the applicable information in Traf.R. 10(B)." *Id.* Traf.R. 10(B) defines the effect of a no contest plea as "not an admission of the defendant's guilt, but * * * an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 9} Here, as the state concedes, the record shows that the trial court failed to advise appellant of the effect of his no contest plea. Moreover, the state concedes, and we agree, that the record shows that the trial court failed to conduct any plea colloquy that would confirm that appellant's plea was entered knowingly, intelligently, and voluntarily. The trial court's complete lack of colloquy advising him of the loss of

---

[1] The state conceded reversible error as to appellant's first, second, third, and fourth assignments of error. The state does not concede error as to appellant's fifth assignment of error.

5.

certain constitutional rights renders his plea invalid. *See State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25.

{¶ 10} Put simply, the trial court failed to give appellant any advisements that would show that it complied with Traf.R. 10(D) at the change of plea hearing or allow this court to determine whether appellant entered his plea knowingly, intelligently, and voluntarily. As a result, we find his first and third assignments of error well-taken. Because our finding on these assigned errors is dispositive of this appeal, we find appellant's second, fourth, and fifth assignments of error are moot and, therefore, we decline to address them pursuant to App.R. 12(A)(1)(c).

## V. Conclusion

{¶ 11} For these reasons, we find appellant's first and third assignments of error well-taken and we reverse the May 10, 2023 judgment of the Toledo Municipal Court. We remand this matter to the trial court for further proceedings.

{¶ 12} The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.