[Cite as *State v. Geiger*, 2024-Ohio-740.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

    v.                            :

                  Nos. 113171 and 113174

MONICA GEIGER,                    :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED, REVERSED, AND REMANDED
**RELEASED AND JOURNALIZED:** February 29, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-678074-A and CR-23-677976-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Connor Davin, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Monica Geiger, appeals from the trial court's judgment entries that found her guilty of grand theft in Cuyahoga C.P. No. CR-23-677976-B and abduction and grand theft in Cuyahoga

C.P. No. CR-23-678074-A, and imposed consecutive sentences. She contends that she never pleaded guilty to the abduction and grand theft charges in CR-678074 and thus, the court erred in finding her guilty and ordering her to serve 42 months in prison, consecutive to the sentence imposed in CR-677976. Pursuant to Loc.App.R. 16(B), the state concedes the error. For the reasons that follow, we vacate Geiger's conviction for abduction and grand theft in CR-678074 and remand to the trial court for further proceedings. Additionally, we reverse her sentence in CR-677976 and remand for resentencing.

## I.   Procedural Background

{¶ 2}   In December 2022, the state named Geiger in a three-count indictment in CR-678074, charging her with kidnapping, abduction, and grand theft. The state also charged Geiger with grand theft in CR-677976.

{¶ 3}   On May 17, 2023, the court conducted a plea hearing at which the prosecutor set forth the plea agreement — the state would dismiss Count 1, kidnapping, in CR-678074, in exchange for Geiger pleading guilty to Counts 2 (abduction) and 3 (grand theft), and to grand theft as charge in CR-677976. Geiger's attorney agreed with the state's presentation of the plea agreement.

{¶ 4}   The court engaged in a plea colloquy with Geiger, advising her of her Crim.R. 11 rights that she waived by pleading guilty to the "single count of this indictment of grand theft," (tr. 9) and the maximum penalties for grand theft. Geiger then pleaded guilty to grand theft, which the court accepted and found her guilty. The trial court did not accept any change of plea to the abduction or grand

theft offenses as charged in CR-678074. Nevertheless, the trial court issued journal entries in that case indicating that Geiger pleaded guilty to those offenses.

{¶ 5} On August 15, 2023, Geiger appeared for sentencing. In CR-678074, the court ordered Geiger to serve 30 months in prison for Count 2, abduction, consecutive to 12 months in prison for Count 3, grand theft. The court also ordered Geiger to serve 10 months on the grand theft offense in CR-677976. The court ordered that Geiger serve both sentences consecutive to each other. Counsel for Geiger did not object.

## II. The Appeal

{¶ 6} Geiger now appeals, raising the following three assignments of error:

I. The trial court engaged in plain error by failing to strictly or substantially comply with Criminal Rule 11 by not obtaining a guilty plea from Ms. Geiger or engaging in any plea colloquy at all as to trial court case number 678074, nevertheless docketed a journal entry indicating Ms. Geiger had entered guilty pleas and been found guilty in that matter when in fact she had not, and then proceeded to sentence her to prison for crimes she had not been found to have committed, in violation of the due process clause to the United States Constitution, as well as the Ohio Constitution.

II. Ms. Geiger received ineffective assistance of trial counsel, as guaranteed by both the United States Constitution, and the Ohio Constitution, where defense counsel permitted her to be sentenced to prison when she had not been found guilty.

III. The trial court's consecutive sentencing of Ms. Geiger was inappropriate and clearly and convincingly not supported by the record.

{¶ 7} The state concedes that the trial court committed plain error in finding Geiger guilty of abduction and grand theft as charged in CR-678074, that

counsel was ineffective for failing to object at sentencing, and that the court erred in imposing consecutive terms of imprisonment in this case. We also agree that the trial court erred.

{¶ 8} The trial court completely failed to comply with Crim.R. 11 regarding CR-678074 and thus, the trial court's journal entry dated May 17, 2023, stating that Geiger pleaded guilty to abduction and grand theft, and that the court found her guilty, was erroneous. Because Geiger did not enter a guilty plea, any sentence imposed in CR-678074 was also erroneous. *See State v. Meese*, 5th Dist. Tuscarawas No. 2005P110075, 2007-Ohio-742, ¶ 4-9 (trial court erred in sentencing the defendant when the court did not comply with Crim.R. 11, the defendant did not enter a plea, and the court did not find him guilty); Crim.R. 11. We further find that counsel was ineffective for failing to object when the court imposed its sentence.

{¶ 9} The state asks this court, however, to uphold Geiger's sentence in CR-677976 because she has not challenged her plea or sentence in that case. We disagree. Because the trial court ordered Geiger to serve her sentence in CR-677976 consecutive to the erroneous sentence CR-678074, this court must also reverse her sentence in CR-677976 and remand for resentencing. *See State v. Lincoln*, 4th Dist. Washington No. 18CA6, 2019-Ohio-3483 (defendant cannot serve his sentence in one case consecutive to his original sentence in another case when that sentence no longer exists).

{¶ 10} Accordingly, we sustain Geiger's assignments of error, vacate her conviction in CR-678074, and reverse her sentence in CR-677976. We remand the

cases to the trial court for further proceedings in CR-678074, and for resentencing in CR-677976.

{¶ 11} Judgments vacated, reversed, and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR