[Cite as *E. Cleveland v. Kline*, 2025-Ohio-1063.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF EAST CLEVELAND, :

    Plaintiff-Appellee, :

                                 No. 114180

    v. :

CHRISTOPHER KLINE, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 27, 2025

---

Criminal Appeal from the East Cleveland Municipal Court
Case No. 24TRC00102

---

### *Appearances:*

Willa M. Hemmons, City of East Cleveland Director of
Law, and Heather McCollough, Prosecutor, *for appellee.*

Patituce & Associates, LLC, and Catherine Meehan, *for
appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Christopher Kline, appeals his judgment of conviction for operating a vehicle while under the influence ("OVI") in violation of East Cleveland Cod.Ord. 333.01(a)(1)(A). Upon review, we reverse the trial court's judgment.

{¶ 2} In this case, appellant was charged with an OVI offense that was a "petty offense" for purposes of entering a plea. Traf.R. 2(D).[1] Appellant initially entered a plea of not guilty at his arraignment on May 9, 2024. The trial court set the matter for a pretrial the morning of May 20, 2024.

{¶ 3} The transcript reflects that during the May 20, 2024 proceedings, the trial-court judge heard multiple traffic cases on the court's docket. Prior to calling each individual case, the trial court provided a general pronouncement to all defendants in the courtroom. When appellant's case was called, defense counsel indicated appellant would be entering a plea of no contest to the OVI charge. The trial court ensured the factual basis for the OVI charge was placed on the record. Immediately after the factual basis for the charge was provided, the trial court stated: "Okay. All right. So based on that information, I will accept the plea of no contest . . . ." However, there is no indication in the record that appellant ever actually entered a plea. Nonetheless, the trial court, "accepting the plea of no contest with the finding of guilt," proceeded to sentence appellant.

{¶ 4} Appellant timely appealed. Under his two assignments of error, appellant claims that the trial court erred by (1) accepting his plea of no contest without complying with Crim.R. 11 and Traf.R. 10, and (2) accepting his plea without advising him of his constitutional rights.

---

[1] Traf.R. 2(D) defines a "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less." It is not disputed that appellant's offense was a petty offense.

**{¶ 5}** Because this case involves the alleged violation of a traffic ordinance, the Ohio Traffic Rules apply. *See State v. Watkins*, 2003-Ohio-2419, ¶ 10.[2] Traf.R. 1(B) states that the traffic rules "shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay."

**{¶ 6}** Pursuant to Traf.R. 10(A), "A defendant may plead not guilty, guilty or, with the consent of the court, no contest. All pleas may be made orally. . . ." Relative hereto, Ohio Traf.R. 10(D), which applies to misdemeanor cases involving petty offenses, instructs as follows:

> **Misdemeanor cases involving petty offenses**. In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement.

"[W]here a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins* at ¶ 28. Traf.R. 10(B)(2) defines the effect of a no-contest plea.[3] Though literal compliance with the rule is

---

[2] Although Crim.R. 11 largely mirrors Traf.R. 10, Crim.R. 11 is inapplicable to traffic cases pursuant to Crim.R. 1(C)(3). *Watkins* at ¶ 15. Further, "[t]he protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." *Id*. at ¶ 28.

[3] Traf.R. 10(B)(2) provides: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

not required, it is the better practice for trial courts to adhere to the language of the rule. *See Toledo v. Blackshear*, 2020-Ohio-1233, ¶ 28 (6th Dist.).

{¶ 7} In this matter, appellant focuses much of his argument upon whether the trial court complied with the mandates of Traf.R. 10. In his appellate brief, appellant refers to his individual exchange with the trial-court judge and argues that the plea colloquy is devoid of any reference to the effect of a no-contest plea. He also claims he was not advised of his constitutional rights.[4] The city responds that a general pronouncement was made at the start of the proceedings on May 20, 2024, during which the trial court provided an advisement to all defendants in the courtroom regarding their constitutional rights and the effects of various pleas. The city argues that appellant fully participated in the hearing and that the trial court satisfied the mandates of Traf.R. 10. On the other hand, appellant claims in his reply brief that there is nothing in the record to suggest appellant was actually present during the general pronouncement and that the general advisement given still failed to comply with Traf.R. 10.[5] In the end, regardless of any deficiencies in informing

---

[4] We note that the Supreme Court of Ohio has recognized that unlike felony cases, in misdemeanor cases, "there are no such constitutionally mandated information requirements for defendants charged with misdemeanors." *Watkins* at ¶ 28.

[5] During the general pronouncement that was made during the May 20, 2024 proceedings, the trial court stated the following:

> Guilty is where you are admitting what you are accused of. And if you enter a plea of guilt in Municipal Court, you subject yourself to the possibility of a fine from zero to $1000, zero days in jail up to six months in jail. That's on a guilty plea or guilty finding. The same applies to a no contest plea. The only

appellant of the effect of the plea, the transcript shows that appellant never actually entered a plea of no contest. The city conceded this at the oral argument. This alone is dispositive of the appeal.

{¶ 8} The record shows that when appellant's case was called before the trial court, defense counsel indicated that appellant would be entering a plea of no contest. The trial court indicated its understanding that appellant was "[going to] enter a plea to the OVI" and, after the factual basis for the charge was placed on the record, stated it "will accept a plea of no contest[.]" However, it is evident from the transcript that the appellant never expressly tendered a plea of no contest. Additionally, the record before us does not contain a signed writing reflecting an expressed plea.

{¶ 9} A trial court cannot accept a plea pursuant to Traf.R. 10(D) if the plea is never actually entered. Further, as this court has previously stated, "'A court may not convict and sentence a defendant where no plea has been entered upon the record.'" *See Cleveland v. Edwards*, 2018-Ohio-583, ¶ 15 (8th Dist.), quoting *Cleveland v. Chappell*, 2017-Ohio-4070, ¶ 14 (8th Dist.); *see also State v. Geiger*, 2024-Ohio-740, ¶ 8 (8th Dist.). Because appellant never entered a plea on the record, his conviction is a nullity. *Edwards* at ¶ 15. For this reason, we must reverse the judgment of the trial court.

---

difference is a no contest plea cannot be used against you in a later proceeding.

{¶ 10} Judgment reversed, and case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the East Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR